132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth L. JACKSON, Jr., Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF THE AIR FORCE, Sheila E.
WIDNALL, Secretary of the Air Force, William
PERRY, Secretary of Defense, Defendants-Appellees.
 No. 96-15949.
 United States Court of Appeals, Ninth Circuit.
 Argued Nov. 3, 1997
Submitted Nov. 3, 1997
Filed Dec. 9, 1997.
 
 Appeal from the United States District Court for the Northern District of California, DC No. CV 95-20173 WAI William A. Ingram, District Judge, Presiding San Francisco, California
 Before: WOOD,** RYMER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth L. Jackson appeals the district court's order of summary judgment dismissing his action to be reintstated in the Air Force, and the district court's order denying a continuance pursuant to Fed.R.Civ.P. 56(f). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Lt. Col. Jackson was assigned to Norton Air Force Base, California. He lived in a home off-base which he shared with a 22-year old civilian, Kenneth Lovato. In 1988, Lovato came under suspicion for child molestation and the Redlands Police Department executed a search warrant at the Jackson/Lovato residence. Several items evidencing Jackson's homosexual activity were recovered from the residence. Among these items were: six greeting cards from Jackson to Lovato, several magazines and videos depicting homosexual acts, a gay pride button, and an ACLU handbook entitled "The Rights of Gay People." In the greeting cards, Jackson described Lovato as a "beautiful and sensitive lover" and stated "the nights are lonely and I really miss holding, cuddling and looking at you."[1]
 
 
 4
 An Air Force Board of Inquiry considered Jackson's case and recommended that Jackson be honorably discharged pursuant to Air Force Regulation 36-2 p 3-4.[2] A second administrative board reviewed, this recommendation and agreed that Jackson had been properly discharged. This action followed.
 
 
 5
 We review the grant of summary judgment de novo. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997). Under the Administrative Procedures Act, an agency decision may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." R.T. Vanderbilt Co. v. Babbitt, 113 F.3d 1061, 1065 (9th Cir.1997) (quoting 5 U.S.C. § 706(2)(A)). The district court's denial of a Rule 56(f) motion is reviewed for an abuse of discretion. Maljack Prods., Inc. v. Goodtimes Home Video Corp., 81 F.3d 881, 887 (9th Cir.1996).
 
 I. Evidence of Homosexual Acts
 
 6
 Jackson argues that the Air Force did not produce substantial evidence to prove he engaged in homosexual activity. It is undisputed that the writing in the greeting cards, and the items seized during the search, belong to Jackson. Disregarding the evidence which Jackson argues is inadmissible, there is still substantial evidence of homosexual activity. Jackson refers to Lovato as "a beautiful and sensitive lover" which by itself raises a strong inference of homosexual activity. He also mentions "holding and cuddling" with Lovato which, if done "for the purpose of satisfying sexual desires," is a direct admission of homosexual activity. AFR 36-2 p 1-10. These statements, in conjunction with the other greeting cards, homosexual videotapes and magazines, are substantial evidence which support the Board of Inquiry's determination that Jackson engaged in homosexual activity.
 
 II. Equal Protection
 
 7
 Jackson also contends that his discharge from the Air Force is a violation of his equal protection rights. This contention, however, is foreclosed by Philips v. Perry, 106 F.3d 1420 (9th Cir.1997). We held there that homosexuals are not members of a suspect class, that the military's regulations are rationally related to a legitimate government interest, and are not arbitrary or irrational. Id. at 1428-29. Jackson's right to equal protection was not violated.
 
 III. Rule 56(f) Motion
 
 8
 It was not an abuse of discretion for the district court to deny Jackson's Rule 56(f) motion for continuance to conduct further discovery. The possible discovery of additional evidence is immaterial because "[g]enerally, judicial review of an agency decision is limited to the administrative record." First Nat'l Bank & Trust v. Department of the Treasury, 63 F.3d 894, 897 (9th Cir.1995) (citing Camp v. Pitts, 411 U.S. 128, 142 (1973)). Jackson has pointed to no exception to this general rule that might be applicable here.
 
 
 9
 AFFIRMED.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 The Air Force Board of Inquiry also considered other evidence which Jackson contends should not have been admitted, including a confession of past homosexual activity by, Jackson, an explicit diary entry and hearsay statements attributed to Lovato. As explained below, however, we disregard this evidence
 
 
 [2]
 This case predates the "Don't Ask, Don't Tell" policy. Under the regulations then in effect, the burden of proving retention rests with the service member, except in cases where the member's conduct was solely the result of a desire to avoid or terminate military service. AFR 36-2 p 3-4(c)